UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN T. HANNON,<br><br>        Plaintiff,<br><br>v.<br><br>MARK D. KELLY AND LAW OFFICES,<br>and MINNESOTA STATE PUBLIC<br>DEFENDERS OFFICE,<br><br>        Defendants. | Civil No. 09-3725 (PJS/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Minnesota Correctional Facility in Oak Park Heights, Minnesota, commenced this action by filing a pleading entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated January 11, 2010, (Docket No. 5), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $19.81, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 6), and the matter is now before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed.

## I. BACKGROUND

Plaintiff's complaint does not explain why he is presently in prison. However, Plaintiff previously filed a habeas corpus petition in this District, which sheds some light on the reason for his current incarceration. (See Hannon v. Symmes, Civil No. 06-2864 (PJS/AJB).) Plaintiff's prior habeas petition shows that he was convicted of first degree murder in a Minnesota state court in 2003, and he is currently serving a life sentence as a result of that conviction.[1]

In this case, Plaintiff is attempting to sue an Attorney named Mark D. Kelly, as well as a Defendant identified as the "Minnesota State Public Defenders Office." Although Plaintiff has done a poor job of pleading his claims, it is obvious that Kelly must have been Plaintiff's lawyer during his 2003 murder case. Plaintiff alleges that Kelly "was hired by the State Public Defenders Office," presumably to serve as Plaintiff's defense counsel for his state murder case. (Complaint, p. 3, ¶ 2.)

As far as the Court can tell, Plaintiff is claiming that Kelly made several mistakes during the course of Plaintiff's murder case, which caused Plaintiff to be deprived of his constitutional rights to a fair trial and effective assistance of counsel. Plaintiff's complaint alludes to three specific errors that Kelly allegedly committed. First, Kelly allegedly failed to adequately investigate whether Plaintiff was mentally competent to stand trial. (Id., pp. 3-5, ¶s 5-7.) Second, Kelly allegedly failed to inform Plaintiff about a plea deal proffered by the prosecution. (Id., p. 5, ¶s 8-10.) And third, Kelly allegedly failed to adequately

---

[1] Plaintiff's previous habeas corpus petition was dismissed without prejudice, because he had not yet fully exhausted all of his available state court remedies, as required by 28 U.S.C. § 2254(b).

challenge certain DNA evidence, and other evidence, that was used to convict Plaintiff. (Id., p. 6, ¶s 11-13.) Plaintiff has explicitly alleged that if Kelly had challenged the evidence cited in his complaint, an acquittal in his murder case would have been "likely." (Id., p. 6, ¶ 13; p. 12, ¶ 35.)[2]

Plaintiff is seeking a judgment in the amount of $250,000,000.00 for "[c]ompensatory, exemplary damages, monetary damages, [and] punitive damages." (Id., p. 20.)

## II. DISCUSSION

Because Plaintiff is an IFP applicant, his complaint is subject to sua sponte review, and if the Court finds that the complaint fails to state a cause of action on which relief can be granted, the case will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that... the action or appeal... fails to state a claim on which relief may be granted"). See also Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) ("a district court may dismiss an action filed in forma pauperis 'at any time' if the court determines that the action fails to state a claim on which relief may be granted").

---

[2] Paragraph 13 of the complaint includes the following statement: "Please see transcripts and statement from Sullivan -- attached." However, no transcript or statement was actually attached to the complaint. For present purposes, the Court will assume that the transcripts and statement referred to in the complaint do exist, and that they are consistent with, and tend to support, the factual allegations pleaded in paragraph 13 of the complaint. Indeed, for present purposes, the Court assumes that Plaintiff could sustain all of the factual allegations in his complaint. However, even if the factual allegations in the complaint are provable, the Court still finds, (for reasons discussed below), that the complaint fails to state a cause of action on which relief can be granted.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Court finds that Plaintiff's current complaint fails to state an actionable § 1983 claim, for two reasons. First, the named Defendants are not state actors, for § 1983 purposes, and second, Plaintiff's claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

A. Public Defenders Are NOT State Actors

It is well settled that "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied, 535 U.S. 1017 (2002). Plaintiff contends that Defendants were "state actors" for § 1983 purposes when they provided legal representation to him during his state court criminal case, because Defendant "Minnesota State Public Defenders Office" is, allegedly, a state agency, and Defendant Kelly was, allegedly, "hired by" the "Minnesota State Public Defenders Office." Plaintiff's argument, however, was squarely rejected by the United States Supreme Court in Polk County v. Dodson, 454 U.S. 312, 318 (1981). There, the Court plainly stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. See also Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th

4

Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations"). Because the named Defendants in this case were not state actors for purposes of Plaintiff's present § 1983 claims, Plaintiff has failed to plead an actionable § 1983 claim against them.[3]

    B. Claims Are Barred By Heck v. Humphrey

Furthermore, even if Defendants were state actors, this case still could not go forward at this time. Although Plaintiff's complaint is poorly crafted, it is nevertheless obvious that he is claiming his defense counsel committed several grievous errors during the course of his state court criminal case. It is also readily apparent that Plaintiff believes Defendant Kelly's alleged misdeeds adversely affected the outcome of his state criminal case. Indeed, Plaintiff has specifically pleaded that an acquittal would have been "likely" if his attorney had done a better job of representing his interests. It is therefore evident that a judgment in Plaintiff's favor on his present civil rights claims would cast doubt on the validity of his state criminal conviction and sentence. That being the case, Plaintiff's current civil rights action is barred by the Supreme Court's decision in Heck v. Humphrey, supra.

In Heck, the Court held that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. 512 U.S. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff demands only money damages, he

---

[3] The Court also notes that Plaintiff has not described any specific wrongful acts or omissions by the "Minnesota State Public Defenders Office." It clearly appears that Plaintiff is actually attempting to hold this Defendant vicariously liable for the alleged misdeeds of Defendant Kelly, simply because it allegedly "hired" Kelly. That theory must be rejected, because the doctrine of respondeat superior is not applicable in § 1983 civil rights actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

5

cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. Therefore, when a prisoner is seeking damages in a civil rights action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In this case, Plaintiff obviously believes that Defendants somehow violated his constitutional rights during the course of his state criminal case, and that the legal validity of his murder conviction and life sentence is therefore doubtful. According to Heck, however, a civil rights claim based on constitutional improprieties that allegedly affected the outcome of a state criminal case cannot properly be raised in a federal civil rights action, unless the claimant first establishes in a proper forum, (i.e., in the state criminal case itself, or in a subsequent appeal or post-conviction proceeding), that his conviction and sentence were, in fact, constitutionally invalid.

Thus, even if Plaintiff had pleaded sufficient facts to support some viable constitutional claims against the named Defendants, and even if Defendants were state actors for purposes of this lawsuit, Plaintiff could not bring his § 1983 claims at this time. He cannot maintain a civil rights action seeking damages, (or any other relief), for unconstitutional acts or omissions that allegedly caused him to be wrongly convicted and sentenced, without first securing an order that specifically invalidates his conviction and sentence. Because that pre-condition has not been satisfied, Plaintiff's present complaint fails to state a civil rights claim on which relief can be granted.

### III. CONCLUSION

For the two reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[4] To date, he has paid only $19.81, so he still owes $330.19. Prison officials will have to deduct that amount from Plaintiff's prison trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Having determined that this action must be summarily dismissed because Plaintiff has failed to plead an actionable claim, the Court will further recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). The Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[4] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $330.19, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: February 24, 2010

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 10, 2010.